1: CV18-2056

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTOINE BRUCE,<br>PLAINTIFF, | "JURY TRIAL DEMANDED"<br>BASED UPON THE 7th AMENDMENT TO THE<br>UNITED STATES CONSTITUTION |
| V. | Pursuant to Fed. R. Civ. P. 38(d) |
| | 1: CV18-2056 |
| STEPHANIE SMITH, (BOP) LPN/Medication Technician, | CIVIL ACTION NO. _____ |
| M. LESHER, (BOP) Health Services Provider or (RN), | |
| C. TRUMP, (BOP) RN BSN, | |
| M. FALAT, (BOP) Health Services Provider or (RN), | |
| A. MARTINEZ, (BOP) RN, | |
| J. WALDMAN, (BOP) RN, | |
| J. GAYLOR (BOP) RN, | |
| R. RISHEL, (BOP) Health Services Provider, | |
| (FNU) DONLIN, (BOP) Health Services Provider, | FILED<br>WILLIAMSPORT |
| AMANDA EDWARDS, (BOP) PA-C, | |
| (FNU) WICKHAM, (BOP) PA-C, | OCT 22 2018 |
| S. LADA, (BOP) Program Coordinator\Psychologist, | |
| C. PIZZOLI, Treatment Specialist For (BOP), | PER _____ |
| N. KIMBLE, (BOP) Chief Psychologist, | DEPUTY CLERK |
| (FNU) SHARRETTS, (BOP) Psychiatrist, | |
| (FNU) WHITE, (BOP) Social Worker, (LCSW) | |
| A. WALLS, (BOP) Unit: 4A (SMH-SDP) Treatment Specialist, | |
| K. BREEN, (BOP) Occupational Therapy Assistant, | |
| L. ENNIS, (BOP) Psychologist, | |
| S. SABORNIE, (BOP) Treatment Specialist, | |
| (FNU) KERSCHNER, Occupational Therapist (BOP), | |
| E. KLINEFELTER, (BOP) Lieutenant, | |
| K. LOSS Sr. (BOP) Correctional Officer, | |
| B. FOGLEMAN, (BOP) Correctional Officer, | |
| R. WOLFE (BOP) Correctional Officer, | |
| C. GANOE, (BOP) Correctional Officer, | |
| (FNU) SNIDER, (BOP) Correctional Officer, | |
| Defendant(s). | |

"See attached"
"VARIFIED PRISONER COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES"

CONTINUED FROM PAGE 1:

(FNU). BOLIG, (BOP) correctional officer,
J. MCMANHON, (BOP) Lieutenant,
S. TYSON, (BOP) Lieutenant,
D. MARR, (BOP) Lieutenant,
D. MILLER, (BOP) Lieutenant,
R. ANTONACCI, (BOP) correctional counselor,
C. WHITMER, (BOP) Unit Manager,
k. Bowersox, (BOP) Correctional Counselor,
A. DEWALT, (BOP) Unit: IVA-Case Manager,
J. NEYLON, (BOP) Correctional Counselor,
JOHN DOE #1, (BOP) Associate Warden (AW),
(FNU) GIBSON, Associate Warden (AW) for (BOP),
W. PLILER, ASSOCIATE Warden (AW) For (BOP),
M. HILL, (BOP) Institution Captain,
GENE BEASELY, (BOP) Institution Warden,
S. PRUTZMAN, (BOP) Special Investigating Agent (SIA),
C. WILLIAMS, (BOP) correctional officer (CO),
DENNIS NICOLETTE, (BOP) DMD,
JOHN DOE #2, (BOP) Lieutenant,
C. MCCLAIN, (BOP) Lieutenant,
(FNU) HOLTZAPPLE, (BOP) correctional officer (CO),
B. PENSYL, (BOP) correctional officer (CO),
J. THOMPSON, (BOP) correctional officer (C.O.),
A. FRY, (BOP) correctional officer (C.O.),
M. FREI, (BOP) correctional officer (C.O.),
B. ROHRBACH, (BOP) correctional officer (C.O.),
T. SCHRECK, (BOP) correctional officer (C.O.),
(FNU). HOLTZAPPLE, (BOP) correctional Health services provider,
J. BENNETT-MEEHAN, (BOP) PA-C,
A. PEDRO, (BOP) PA-C,
BROOKE WOOD, (BOP) Health services Provider,
FEDERAL BUREAU OF PRISONS ("BOP"),
EDWIN P. ARO, Attorney-at-Law,
                    Defendants.
"VARIFIED PRISONER COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES"

# I. JURISDICTION

Continued From Page 1\2:

1.) This court's subject matter Jurisdiction over the allegations in this complaint is asserted based on or pursuant to 28 U.S.C. $^{s}$1331, in that the claims For injunctive relief and Damages arise Under the United States Constitution and Federal Statutes. The request For declaratory relief is based upon 28 U.S.C. $^{s}$2201-02, in that an actual controversy exists between Defendants and Plaintiff over the denial of services that are guaranteed by the United States Constitution.

2.) This court's subject matter Jurisdiction over the allegations in this complaint is asserted based on or pursuant to the following additional or alternative Statutes : 42 U.S.C. $^{s}$1983, to redress the deprivation, under color of State law, of rights secured by the constitution of the United States, 28 U.S.C. $^{s}$1343(a)(3) ; and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 389 (1971), in that the Supreme Court "established that the victims of a constitutional violation by a federal agent have a right to recover damages against the federal official in Federal court despite the absence of any statute conferring such a right." Plaintiff's claims For injunctive relief are authorized by 28 U.S.C. $^{s}$ Section 2283 & 2284 and Rule 65 of the Federal Rules of civil Procedure.

3.) This court's subject matter Jurisdiction over the allegations in this complaint is Further asserted based on or pursuant to 28 U.S.C. $^{s}$1331, and Title 5 U.S.C. $^{s}$702- Of the Administrative Procedures Act (APA)

# II. VENUE

4.) Venue is asserted proper in the Middle District of Pennsylvania pursuant to or Under 28 U.S.C. $^{s}$1391(b), because a substantial part of the acts or omissions that give rise to the Plaintiff's claims occurred or will occur in the Middle District of Pennsylvania.

# III. PARTIES

5.) Plaintiff Antoine Bruce is currently house in the Special Housing Unit ("SHU") at FCC (USP)-

## III. PARTIES

Continued From Page **2**:

Allenwood located at IISP Allenwood, P.O. Box 3000, White Deer, PA 17887. The Plaintiff's Reg. NO. is #35363-007. The Plaintiff suffers from serious Mental illness (SMIs) and Physical illnesses &/or Disabilities.

6.) The serious Mental illnesses (SMIs) Plaintiff suffers from includes but is not limited to: Bipolar 1-Type Disorder with Psychotic Features, Depression with Psychotic Features, Major Depressive Disorder, Schizophrenia, Hypersexuality, Impulsivity, or Impulse Control Disorder, Borderline Personality Disorder, Post Traumatic Stress Disorder (PTSD), and Several Substance Abuse disorders.

7.) As to the claim at paragraph **5**, The Physical illnesses &/or disabilities Plaintiff suffers from includes but is not limited to: "closed head injury, Astigmatism, Uncorrected Refractive Error, conjunctivitis, Photositivity, Degenerative Joint Disease (DJD), Chronic left Shoulder Pain-not relieved by (NSAIDS) nor kenolog Injections, Past A.C. Joint separation of left Shoulder and Bursitis.

8.) In addition to the claim at paragraph **7**, Plaintiff also suffers from: chronic/Acute Gingivitis, and Periodontis Gum disease, chronic/Acute Edema/Pittedeclema-In legs, ankles and feet, Chronic Feet-Pain, Hyper Tension and/or Highblood Pressure, and Uncontrolled and Sudden Faint Spells or passing out (chronic/Acute).

9.) The Plaintiff also suffers from: chronic gastro-esophageal reflux disease (GERD; acid reflux), an Unknown abnormal tissue growth which is malignant at the back of his throat; Permanent or chronic swelled and inflamed abnormal callus growth on middle and Pinky fingers of left dominant writing-hand, and chronic/Acute-Psoriasis, Dermatitis/Eczema-skin disorder.

10.) The Plaintiff's serious Mental illnesses and Physical illnesses, or disabilities, without proper and adequate treatment and care, subjects the Plaintiff to Substantial or significant pain and discomfort on a daily, or by-daily, or frequent basis. It also interfere with &/or impair the Plaintiff's participation in activities of daily living.

11.) In addition to the claim at paragraph 10, The Plaintiff's serious Mental illnesses and Physical disabilities, or illness subjects him to inability to Function in such domains as occupational, Educational, and/or interpersonal, and furthermore subjects him to imminent danger of serious Physical injury and/or ongoing serious physical injury.

# III. PARTIES

Continued From page 2|1 :

12.) Defendant Stephanie Smith is an (USP) Allenwood Licensed Practical Nurse (LPN)/ Medication Teclinician employed For the ("BOP"), her duties or responsibilities includes but is not limited to:

(a.) providing administrative and healthcare support to other clinical staff;

(b.) collecting patient data, including vital signs and the nature of the complaint;

(C.) upon information and belief, assisting other clinical staff in providing routine treatment or emergency care with appropriate supervision; and

(d.) providing nursing care such as the administration of medications and/or treatments with the supervision of the RN or physician on her shift.

13.) Defendant Smith is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887. She is sued in her individual capacity only for nominal, compensatory, and Punitive damages.

14.) Defendant M. Lesher upon information and belief, is a FCC (USP) Allenwood Registered nurse (RN) employed For the (BOP), and located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887. He is sued in his individual capacity only for nominal, compensatory, and Punitive damages

15.) Defendant C. Trump is an FCC (USP) Registered Nurse (RN), employed For the (BOP), and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887. He is sued in his individual capacity only For nominal, compensatory and Punitive damages.

16.) Defendant M. Falat upon information and belief, is a Registered Nurse (RN), employed For the (BOP), and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887. He is sued in his individual capacity only For nominal, compensatory, and Punitive damages.

17.) Defendant A. Martinez is a Registered Nurse, employed For the (BOP), and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887. She is sued in her individual capacity only.

## III. PARTIES

Continued From Page 212:

18.) Defendant J. Waldman is upon information and belief, a Registered Nurse, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

19.) Defendant J. Gaylor upon information and belief, is a Registered Nurse, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

20.) Defendant R. Rishel upon information and belief, is a Registered Nurse, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

21.) Defendant E. Dowlin upon information and belief, is a Registered Nurse, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

22.) Defendant Amanda Edwards is a (PA-C), employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

23.) Defendant (FNU) Wickham is a (PA-C) employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

24.) Defendant S. Lada is a Psychologist/program coordinator For the secure stages Mental Health-step Down program, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

25.) Defendant C. Pizzoli is Treatment Specialist, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

26.) Defendant N. Kimble is a Chief Psychologist, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

27.) Defendant (FNU) Sharretts is a Psychiatrist, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

28.) Defendant S. White is a Social Worker, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

# III. PARTIES

Continued From Page 2|3:

29.) Defendant A. Walls is a Treatment Specialist, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

30.) Defendant K. Breen is a Occupational Therapy Assistant, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

31.) Defendant L. Ennis is a Psychologist, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

32.) Defendant S. SAbornie is a Treatment Specialist, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

33.) Defendant (FNU) Kerschner is a Occupational Therapist, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

34.) Defendant E. Klinefelter is a lieutenant, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

35.) Defendant K. Loss, sr., is a correctional officer, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

36.) Defendant B. Fogleman is a correctional officer, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

37.) Defendant R. Wolfe is a correctional officer, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

38.) Defendant C. Ganoe is a correctional officer, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

39.) Defendant (FNU) Snider is a correctional officer, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

40.) Defendant (FNU) Bolig is a correctional officer, employed For the (BOP) and is located at-

# II. PARTIES

Continued From Page 2/9:

FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

41.) Defendant J. McMannan is a lieutenant, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

42.) Defendant S. Tyson is a lieutenant, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

43.) Defendant D. Marr is a lieutenant, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

44.) Defendant D. Miller is a lieutenant, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

45.) Defendant R. Antonacci, is a Correctional Counselor, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

46.) Defendant C. WHITMER is a Unit Manager, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

47.) Defendant K. Bowersox is a Correctional Counselor, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

48.) Defendant A. Dewalt is a Case Manager, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

49.) Defendant J. Neylon is a correctional counselor, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

50.) Defendant John Doe #1 is an Associate Warden (AW), employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

51.) Defendant P. Gibson is an Associate Warden (AW), employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

## III. PARTIES

Continued From Page 2|5:

52.) Defendant W. Plier is an Associate Warden (AW) over custody, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

53.) Defendant (FNU) Hill is a Institution captain over custody, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

54.) Defendant Gene Beasely is the warden For (USP) Allenwood, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

55.) Defendant S. Prutzman is The special Investigative Agent (SIA) For (USP) Allenwood, employed For the (BOP) and is located at FCC (USP) Allenwood, P.D. Box 3500, White Deer, PA 17887.

56.) Defendant C. Williams is a Correctional officer (C.O.), employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

57.) Defendant Dennis Nicolette is a dentariae Medicinae doctor (DMD), employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

58.) Defendant John Doe #2 is a lieutenant, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

59.) Defendant C. MCCAULEY is a lieutenant, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

60.) Defendant G. Holtzapple is a Correctional officer (C.O.), employed For the (BOP) and is located FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

61.) Defendant B. Pensyl is a correctional officer (C.O.), employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

62.) Defendant J. Thompson is a correctional officer (C.O.), employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

# III. PARTIES

Continued From Page 26;

63.) Defendant A. FRY is a correctional officer (C.O.), employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17881.

64.) Defendant M. FREI is a correctional officer, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

65.) Defendant S. ROHRBACH is a correctional officer, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

66.) Defendant T. SCHRECK is a correctional officer, employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

67.) Defendant (FNU) Holtzapple is upon information and belief a Registered Nurse (RN) or a (PA-C), employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

68.) Defendant J. BENNETT-MEEHAN is a (PA-C), employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

69.) Defendant A. PEDRO is a (PA-C), employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

70.) Defendant BROOKBANKOOD is upon information and belief, a (PA-C) or a Registered Nurse (RN) employed For the (BOP) and is located at FCC (USP) Allenwood, P.O. Box 3500, White Deer, PA 17887.

71.) Defendant Federal Bureau of Prisons ("hereinafter" BOP) is a Federal law enforcement agency subdivision of the United States Department of Justice, and is located at Federal Bureau of Prisons, 320 First Street, N.W. Washington, D.C, 20534.

72.) Defendant Edwin P. Aro is an Attorney at-law, employed For ARNOLD & PORTER Kaye - scholer LLP and is located at 370 Seventeenth street, Suite 4400, Denver, CO 80202-1370.

73.) Defendants Smith, Lesher, Trump, Falot, Martinez, Waldman, Gaylor, Rishel, –

# III. PARTIES

Continued From Page 2 17:

Donlin, Pizzoli, White, WAlls, Breen, Ennis, Sabornie, Kerschner, klineFelter, Loss,sr., Fogleman, WolFe, Ganoe, Snider, Bulig, MCManhon, Tyson, Marr, Miller, Antonacci, Bowersox, Dewalt, Neylon, Williams, Nicolette, John Doe #2, MCCauley G.Holtzapple, Pensyl, Thompson, FRY, FREI, ROHRBACH, Schrech, Holtzapple, Bennett-Meehan, Pedro, Woods, and Aro are or is enclosed herein in their individual capacity only For nominal, Compensatory, and Punitive Damages.

14.) DeFendants Edwards, Wickham, Lada, Kimble, Sharretts, WHITMER, John Doe #1, Gibson, PLiler, Hill, Beasely, and Prutzman each by their title; having Final Policy Making Authority is or are sued herein in their individual and official capacities.

15.) Defendant BOP is sued in its official capacity only For Declaratory and Injunctive Relief.

16. Each defendant acted inconcert or inparticipation with each other while acting within the scope of their employment, office, and/or official capacity with the (BOP), or For the (BOP), and/or on behalf of the (BOP), and continues to do so, thus, at all times mentioned in this complaint, each defendant acted &/or continues to act under Color of Federal law.

# IV. NATURE OF THE ACTION

77.) This verified civil action lawsuit concerns the treatment, care, and housing of Plaintiff Antoine Bruce at the Allenwood United States Penitentiary Facility in White Deer, Pennsylvania ("Allenwood") who suffer from serious mental and physical illnesses and/or disabilities, and is suffering ongoing serious physical injury as a result of the defendants acts or omissions or ongoing pattern of misconduct.

78.) Plaintiff seeks declaratory and injunctive relief requiring Defendants Edwards, Wickham, Cada, Kimble, Sharretts, C. WHITMER, John Doe #1, Gibson, Pliler, Hill, Beasely, Prutzman, and the Federal Bureau of Prisons ("BOP") to comply with its existing policies regarding the treatment, care, and housing of the Plaintiff who is seriously mentally and physically ill and disabled, and with the requirements of the Eighth Amendment regarding medical treatment and care for the Plaintiff.

79.) In addition to the claim at paragraph 78, This lawsuit seeks declaratory and injunctive relief requiring the Federal Bureau of Prisons ("BOP") to promulgate, create, implement, or institute, and maintain a policy, practice and procedure requiring all of its agents, officers, employees, servants, and attorneys to be fitted and equipped with a visable audio/visual-body surveillance camera from time of entering on the Jail's, Facility's, Insthion's or prison's grounds for shift duty, until exiting from the said grounds for end of shift duty.

80.) Plaintiff also seeks monetary damages in the form of nominal, compensatory, and/or punitive damages from Defendants Smith, Lesher, Trump, Falat, Martinez, Waldman, Gaylor, Rishel, Donlin, Lada, Pizzoli, Kimble, Sharretts, White, Walls, Breen, Ennis, Sabornie, Kerschner, Kline Felter, Loss, sr., Fogleman, Wolfe, Ganoe, Snider, Balig, McManhon, Tyson, Marc, Antonacci, ~~WHITMER~~1, Bowersox, Dewalt, Neylon, John Doe #1, Gibson, Pliler, Hill, Beasely, Prutzman, Williams, Nicolette, John Doe #2, McCauley, Holtzapple, Pensyl, Thompson, FRY, FREI, Rohrbach, Schreck, Holtzapple, Bennett-Meehan, Pedro, Woods, and Arn.

81.) As to the claim at paragraph 80, The Plaintiff's request or demand for monetary damages result from the said defendants repeated or ongoing acts or omissions constituting violations of the Plaintiff's constitutional rights, Federal statutes, and/or common Tort law which has subjected the Plaintiff to past serious physical injury, present ongoing serious physical injury, and substantial or significant risk of future serious physical injury or death occurring to the Plaintiff.

82.) The Plaintiff is a member of either the settlement class or settlement sub-class of the previous

# IV. NATURE OF THE CASE

Continued From Page 3:

Settled class action case cited as: CUNNINGHAM et al. v. Federal Bureau of Prisons, 1:12-cv-01570-RPM-MEH.

83.) Currently the Plaintiff is being housed in USP-Allenwood's Special Housing Unit ("SHU") where he's being Forced to spend 24 hours per day, seven days a week locked alone in a isolated cell, and is being subjected to a harsh, unforgiving reprehensible and unconstitutional disciplinary regimen.

84.) As to the claim at paragraph 83, such isolation and brutal discipline are or is inappropriate for the plaintiff who suffer or who is suffering From Serious Mental-illnesses (SMIs) and Physical illnesses, conditions &/or disabilities which are severely painful.

85.) The BOP has failed to treat or adequately treat, the Plaintiff's Serious Mental and Physical illnesses, or conditions, &/or Disabilities combined with his placement in the ("SHU") has only worsened his said illnesses, or conditions, &/or disabilities Further resulting in gradual to rapid deterioration of his Mental and Physical health.

86.) Although some to many BOP prisoners will never be released From prison, the Plaintiff, with a projected release date of October, 2018, will be released into the community when his sentence expires in the next approximately 50-To-54-days. After years of confinement in isolation without proper treatment and care for his mental and Physical-illnesses, conditions, &/or disabilities, the Plaintiff will have a difficult time reentering society safely and successfully.

87.) This lawsuit seeks to remedy the BOP's Failure to adequately train and supervise its agents, officers, employees, or servants throughout the Bureau by means of a permanent injunction, consistent with the requirements of the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. 3626, requiring the BOP to honor its own policies, and the federal Constitutional Rights of the "(SMI) Plaintiffs" by providing the Plaintiff with proper and adequate mental and Physical-health diagnostic, treatment and care services, and by promulgating, creating, implementing, instituting, and maintaining a policy, custom and Practice requiring all of its agents, officers, employees, or servants to be Fitted and equipped with a (visable audio/visual body surveillance camera) at all times during shift duty

# V. ALLEGATIONS RELATING SPECIFICALLY TO THE PLAINTIFF

The Following Facts or supporting Facts are or is declared or asserted:

88.) The Plaintiff is currently incarcerated in or at USP Allenwood and suffers from serious mental illnesses and physical conditions which are substantially or severely or significantly painful, discomforting, and debilitating on a frequent if not a daily basis.

89.) As to the claim at paragraph 88, The serious mental illnesses (SMIS) that the Plaintiff suffers from include but is not limited to:

(a.) Bipolar 1 Type disorder with psychotic features;

(b.) Depression with psychotic features;

(c.) Major Depressive Disorder;

(d.) Borderline Personality Disorder (BPD);

(e.) Impulse Control Disorder or Impulsivity;

(f.) History of schizophrenia;

(g.) Hypersexuality;

(h.) Several Substance abuse disorders;

(i.) Post Traumatic Stress disorder

(j.) Narcissistic Personality Disorder; and

(k.) Unspecified Trauma and Stressor Related Disorder.

90.) The Plaintiff, as a result of his ("SMIs") suffers symptoms or outwards manifestations such as but not limited to:

(a.) Severe loss of appetite for extended days or weeks at a time causing Plaintiff severe or

4

V. ALLEGATIONS RELATING SPECIFICALLY TO THE PLAINTIFF

Continued From Page 4:

Severe and Significant pain, discomfort, and gradual to rapid loss of weight in-excess of 30-pounds from the Plaintiff's natural weight of 160-pounds;

(b.) discreet episodes of depressed mood, Fatigue, anhedonia, suicidal ideation, poor concentration and insomnia or terminal insomnia-impairing the Plaintiff from sleeping For up to 5-15-7 days at a time;

(c.) command auditory and visual hallucinations and tactile hallucinations, which direct, or manipulate, or encourage, or pressure the Plaintiff into engaging in: compulsive self mutilation, suicide attempts, destroying personal, &/or government property, compulsive self-masturbation, smearing and eating his own feces and starting fires;

(d.) recurrent but sudden and unexpected-panic attacks leading to heart palpitations, severe chest pains, Labored breathing, choking feeling, a sence or feeling of having a heart attack and dying/going to die, and acute paralysis throughout body;

(e.) high levels of energy, racing thoughts, a reduced need for sleep and grandiosity, describing himself as "Jesus Almighty," to which during these episodes is when he also is compelled to engage in compulsive masturbation, and compulsive writing which in-turn causes substantial or significant or severe-pain, discomfort, and serious physical injury to the Plaintiff's-penis, hand and fingers; and

(f.) Hypervigilance, depression, anxiety, a sence of foreshorted future, mistrust, a startled-response, Flashbacks, and nightmares of past traumatic events in his life (i.e., or e.g., Being shot in his head with a gun and abused as a child) which is mentally and emotionally distressful

91.) In addition to the claim at paragraph 88, The serious Physical conditions that the Plaintiff suffer from include but is not limited to:

(a.) closed head injury, For which there is radiographic evidence (i.e., an X-ray-demonstrating a bullet fragment on the frontal area of his scalp-which was previously removed in-2016 via surgical excision) which causes the Plaintiff severe migraine headaches, acute confusion and memory lapses;

# V. ALLEGATION RELATING SPECIFICALLY TO THE PLAINTIFF

Continued From Page 4\11;

(b) Astigmatism - Which causes the Plaintiff eyes improper Focusing and blurred vision;

(c.) Conjunctivitis - causing inflammation of the plaintiff's conjunctiva (i.e., or e.g., the mucous-membrane lining the inner surface of the Plaintiff's eye-lids and continuing over the fore part of his eyeball).

(d.) Uncorrected Refractive error with photosensitivity - in which causes the Plaintiff's eyes to be highly sensitive to the action of radiant energy or light (i.e., or e.g., sunlight and Flouresence-lights)) which - in turn causes the Plaintiff to suffer such symptoms or adverse effects as but not-limited to :

(I) Severe or serious or substantial or significant and chronic pain and discomfort around and within his eye sockets/eyeballs ;

(II) stinging, burning, Tearyness or wateryness and reddening of his eyes ;

(III) Blurry &/or Doubled-vision ;

(IV) Acute - deterioration of peripheal vision;

(V) Impaired vision or loss of vision (Acute) ; and

(VI) Severe - migraine headaches.

(e.) Degenerative Joint Disease (DJD) with chronic left shoulder pain not relieved with non-steroidal anti-inflammatory drugs (NSAIDs) nor kenolog Injections ;

(f.) Past records of A.C. Joint separation of left shoulder with muscle or ligament or tendon - tear From upon information and belief, 9 o'clock - to - 10 o'clock or 11 o'clock or 12 o'clock ;

(g.) Chronic | Acute - uncontrolable and sudden muscle spasms, stiffness, and shooting or radiating pain and discomfort throughout left shoulder, arm, hand and fingers

## V. ALLEGATIONS RELATING SPECIFICALLY TO THE PLAINTIFF

Continued from page 4/2 :

(h.) Permanent hand or finger(s) contusion, swelling and inflammation of severely or substantially or significantly-painful and discomforting abnormal callus growth on left dominant writing hand's middle, and pinky finger with frequent uncontrolled and sudden stiffness, spasms, and locking up, as well as severe shooting pains with exacerbation of callus growth upon and during-writing ;

(i.) Chronic/Acute - Gingivitis and periodontal gum disease - which causes inflammation or swelling, reddening, irritation and bleeding of the plaintiff's gums accompanied by severe or substantial or significant or serious and chronic pain and discomfort to his gums and teeth;

(j.) Chronic/Acute swelling and inflammation (i.e., or e.g., Edema/Pitted Edema) in legs, ankles, and feet, as well as in his throat and face or different areas of face ;

(k.) Bursitis ;

(l.) Chronic/Acute - gastro esophageal reflux disease (GERD) - which causes Plaintiff substantial or severe heartburn, sour stomach, abdominal pain, discomfort, cramps, and/or tightness, and bubbling or gurgling sounds or noises ;

(m.) Hyper Tension or Highblood pressure (Chronic/Acute) which causes severe or substantial or significant or serious dizziness, Racing heartbeat, breathing difficulty or difficulties, and faint spells or passing out for Unknown reasons ;

(n.) Chronic/acute - Feet and ankle pain and discomfort in both left and right ankles and feet with past history or records of a fractured fibula and navicular bone ; ...

(o.) An abnormal malignant painful and discomforting tissue growth at the back of Plaintiff's throat; and

(p.) Chronic/Acute - psoriasis, Dermatitis/Eczema skin disorder - which causes extremely or severe or substantial or serious or significant - dry, itchy, and inflammation of the skin and scalp, inflammation of skin with oozing and then crusted black colored lesions, tiny holes in and bleeding of the skin, leaving blood specks in or on clothes, substantial or severe pain and discomfort, and development of sores which turns to scabs which leaves the Plaintiff's body looking disfigured

4/3

V. ALLEGATIONS RELATING SPECIFICALLY TO THE PLAINTIFF

Continued From page 4|3:

92) As to the claim(s) at paragraphs 88-91, Each one of the plaintiff's claimed or stated or asserted or declared illness, conditions, and/or disabilities either:

(a.) causes him chronic and/or acute severe or substantial or significant pain and discomfort on a daily, or by-daily, or frequent basis;

(b.) Severely or Substantially or seriously or significantly affect or interfere with and/or impair his participation in activities of daily living such as but not limited to:

(I.) Seeing;

(II.) Reading;

(III.) Writing;

(IV.) Walking;

(v.) Talking or communicating

(VI.) exercising;

(VII.) eating;

(VIII.) thinking rationale;

(IX.) Sleeping; and

(X.) attending to his basic hygiene; or

(c.) substantially or significantly or seriously or severely limits one or more of his major life activities; and

(d.) has or have been diagnosed by one or more ("BOP") psychologists, psychiatrists, —

4/4

V. ALLEGATIONS RELATING SPECIFICALLY TO THE PLAINTIFF

Continued from page 4/4 :

Physicians or Doctors, and/or Specialists as a serious medical need mandating treatment and/or ... is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.

93.) In addition to the claim at paragraph 92, without treatment or adequate treatment for the Plaintiff's diagnosed illnesses, conditions, and/or disabilities, his diagnosed illnesses, conditions, and/or disabilities are or becomes exacerbated or aggravated resulting in further significant serious physical injury and/or the unnecessary and wanton infliction of pain.

94.) One or more of the Plaintiff's diagnosed illnesses, conditions, and/or disabilities, without treatment or adequate treatment, subjects the Plaintiff to imminent danger of serious physical injury, ongoing serious physical injury, and/or risk of future serious physical injury such as but not limited to:

(a.) suicide or death, or sudden death;

(b.) blindness or loss of ability to see, read and/or write;

(c.) Heart attack, or stroke;

(d.) loss of ability to walk or stand;

(e.) Permanent disfigurement;

(f.) loss of ability to utilize arm and hands; and

(g.) loss of ability to eat, and/or swallow.

95.) During the course of the Plaintiff's incarceration, various courses of treatment has or have been recommended, or ordered, or prescribed for the Plaintiff to receive.

96.) As to the claim at paragraph 95, such courses of treatment recommended, or ordered, or prescribed for the Plaintiff to receive includes but is not limited to:

## V. ALLEGATIONS RELATING SPECIFICALLY TO THE PLAINTIFF

continued from page 4|5:

(a.) prescription clear lenses reading glasses (i.e. medicated), and permanently Tinted, Tint #3, medicated prescription eye glasses/shades;

(b.) prescription or medicated eye drops;

(c.) psychiatric medications such as but not limited to: ("Lithium Controled-Release and Extended-Release Tablets, Olazapine Tablets, and Benztropine Tablets").

(d.) Medications for physical illnesses, conditions, &/or disabilities such as but not limited to: ("Ranitidine, Spironolactone Tablets, Metoprolol Tablets, Nifedipine Extended-Release Tablets, and Ibuprofen Tablets")

(e.) vitamin A and D (Topical) or ointment;

(f.) coal Tar Shampoo (medicated);

(g.) Paroex oral rinse mouth wash ("Medicated");

(h.) A.C. Joint reconstructive surgery or Reconstruction to left or of left Shoulder;

(i.) **Medically recommended, prescribed and ordered custom shoes/orthotics/insoles;**

(j.) Medically authorized Alternate Institutional shoes;

(k.) Ankle braces; and

(l.) one pair of black medical shoes.

99.) In the mental health context, Defendants, while acting in concert or in participation with each other, while acting within the scope of their employment, office, and/or official capacity for the U.S. Government have displayed Sustained Deliberate indifference to the plight and needs of the seriously mentally ill plaintiff housed or confined at USP Allenwood.

## V. ALLEGATIONS RELATING SPECIFICALLY TO THE PLAINTIFF

Continued From Page 4/6:

98.) Plaintiff is currently a 34-year old African American male, who was born and raised in the Washington, D.C. area.

99.) Plaintiff has or have crafted, submitted and filed well over 3000 Administrative Remedies and Administrative Remedy appeals against various or numerous agents, officers, employees, and servants of Defendant BOP.

100.) Plaintiff has or have written over five or six letters to different members of congress and senators of or in different states such as but not limited to: Alabama, and colorado. complaining about BOP-staff deliberate indifference to his serious medical needs and physical/sexual abuse against him - where he also sought or seeked aid or help.

101.) Plaintiff has or have filed several lawsuits pro se against defendant BOP and its agents, officers, employees, and servants individually and collectively alleging constitutional violations and/or unconstitutional policies being promulgated, or created and implemented and maintained.

102.) Plaintiff has or have assisted over 50 BOP inmates to file Administrative Remedies and Administrative Remedy Appeals against BOP-staff alleging staff-misconduct and abuse.

103.) Plaintiff has or have assisted approximately 2 or more BOP-inmates to file a lawsuit against defendant BOP and its agents, officers, employees, and servants which passed the screening stage and where the courts appointed counsel for the inmates to be represented.

104.) Plaintiff, through pro bono counsel or representation brought litigation against defendant BOP and its BOP Director Charles E. Samuels Jr. in the United States Supreme Court, where the Plaintiff and counsel lost the case, but gained national exposure throughout the legal world/internet.

105.) Many of the Plaintiff's past filings of Administrative Remedies and lawsuits has or have caused various BOP-staff to be either demoted or transferred from the facility where the

# V. ALLEGATIONS RELATING SPECIFICALLY TO THE PLAINTIFF

continued From Page 4/7:

Plaintiff was housed.

106.) The Plaintiff is a member of the Settlement class and/or the Settlement sub-class of the previously Settled class-Action Lawsuit cited as: Cunningham, et. al, V. Federal Bureau of - Prisons, 1:12-CV-01570-RPM-MEH

107.) The Plaintiff, being a member of the Settlement class and/or Settlement sub-class of the Cunningham Lawsuit was previously housed at USP Florence (ADX) where For over six (6) years Defendant (BOP) by and/or through its agents, employees, and servants such as but not limited to defendant Kimble, intentionally denied Plaintiff adequate Mental Health- Treatment and care by intentionally engaging in a pattern of misconduct evidencing the likelihood of subjecting the Plaintiff to imminent serious physical injury.

108.) As to the claim in or at paragraph 107, such pattern of misconduct includes but is not limited to:

(a.) Maliciously or willfully or intentionally or purposely making False or Fabricated Statements or entries in the Plaintiff's Psychology Data System (PDS) records/files to Falsely state or reFlect that:

(I) The Plaintiff did not Suffer From a Serious Mental Illness (SMI);

(II) The Plaintiff was Malingering or Feign Mental Illness For secondary gain, namely (to get closer to Female staFF);

(III) The Plaintiff had reFused Psychiatric Treatment via (Medical Refusal of Treatment Forms apparently signed with Plaintiff's knowledge and consent to discontinue his Psychiatric medications;

(IV.) the Plaintiff was not or had not reported nor exhibited any signs or symptoms of serious mental Illness or acute distress or mental Distress;

## V. ALLEGATIONS RELATING SPECIFICALLY TO THE PLAINTIFF

Continued From Page 4/8:

(V.) The Plaintiff was or had engaged in superficial self-mutilation or his self-mutilations were superficial;

(VI.) The Plaintiff was receiving Face-To-Face clinical interviews or refusing to attend one-on-one therapy sessions;

(VII.) The Plaintiff was consistently refusing his medications;

(VIII.) The Plaintiff required extraordinary security concerns such that precluded his transfer From USP Florence ("ADX") and required his continued housing at (ADX) Florence despite his diagnoses of (SMI) and classification of a CARE 3-MH level inmate; and

(IX.) The Plaintiff was verbalizing that he was not suicidal, or his repeated acts of compulsive self-mutilations and hanging attempts were not true attempts at committing suicide;

(X.) The Plaintiff's suicide attempts lethally or lethality level was low and not warranting placement on suicide watch; and

(XI.) The Placement of Plaintiff on The suicide Risk management Plan (SRMP) was least restrictive and safe, being Fully aware that such information, statements or entries were False and were intentionally or maliciously being used as a covert effort to avoid transferring the Plaintiff out of ADX, and acknowledging, admitting and recording that Plaintiff suffered (SMI's).

**109.)** On or upon information and belief, In 2017, Plaintiff initiated a civil Action Lawsuit against Defendant Kimble alleging deliberate indifference to his serious mental Health needs.

**110.)** In response to the Plaintiff's Lawsuit against defendant Kimble, and upon or on information and belief, to save Face, defendant (BOP), Instead of disciplining defendant Kimble For the allegations against him, promoted him From a Staff psychologist to a Chief psychologist and transferred him to FCC (USP) Allenwood, in White Deer, Pennsylvania.

**111.)** On or about January 11, 2018, after being repeatedly sexually harassed, assaulted and abused by-

## V. ALLEGATIONS RELATING SPECIFICALLY TO THE PLAINTIFF

Continued From page 4/9

numerous (BOP) agents, officers and employees or servants for over a Five (5) year period dating back to 2013, Plaintiff initiated a civil Action lawsuit against defendant (BOP) and several of it agents, officers, and employees, in which he challenged the conditions of his confinement. See Bruce v. C. Espinoza, et.al, 1:18-CV-00087-GPG.

112.) In response to the Plaintiff's lawsuit and upon information and belief, to get the Plaintiff's lawsuit dismissed, defendant (BOP) by-and/or-through-its agents, officers, employees, servants, attorneys, &/or officials contacted defendant Aro to set up a legal visit with Plaintiff.

113.) At all times relevant to this complaint, defendant Aro was the plaintiff's attorney with-respect to the Cunningham class-Action lawsuit and thus, had a Fiduciary duty to the Plaintiff to not act contrary to his principal's or law firm's interest or upon information and belief, reFrain From self-dealing and conflicts of interest such as but not limited to:

(a.) Failing to disclose any conflicts of interest;

(b.) Failing to deliver any Funds belonging to the Plaintiff;

(c.) Placing personal interests over the Plaintiff's interests;

(d.) improper use of Plaintiff confidences;

(e.) taking advantage of the Plaintiff's trust;

(f.) engaging in self-dealing;

(g.) making misrepresentations;

(h.) engaging in Fraud; and

(i.) undue influence;

## V. ALLEGATIONS RELATING SPECIFICALLY TO THE PLAINTIFF

Continued From page 4/10

(J) overreaching; or

(k.) engaging in any other improper conduct that benefits his interests at the expense of the Plaintiff's interests.

114.) Upon information and belief, defendant Aro, willfully or maliciously or intentionally and secretely working with defendant (BOP) or For defendant (BOP) or on behalf of defendant (BOP), sent the Plaintiff special mail - legal mail dated For March 13, 2018, which was a letter to the Plaintiff.

115.) As to the claim at paragraph 114, Defendant Aro's letter to the Plaintiff was notifying the Plaintiff that he had scheduled a legal visit with the Plaintiff at the ADX For Friday, March 16, 2018, to talk to the Plaintiff about both the high security mental Health step-down unit at USP Atlanta, and the secure Mental Health-step Down Program at FCC (USP) Allenwood, as Plaintiff was going to be sent to one in the near Future.

116.) Defendant Aro met with the Plaintiff in or at the ADX visiting room on Friday, March 16, 2018, where he spoke to the Plaintiff about signing an agreement Form to participate in psychology Treatment Programs which if signed would have the Plaintiff transferred From (ADX) to FCC (USP) Allenwood's secure Mental Health-step Down program in unit: 4A (SMH-SDP) where he would receive better mental Health Treatment and care.

117.) The Plaintiff disagreed with defendant Aro that he would receive better mental Health Treatment and care at FCC (USP) Allenwood, due to defendant kimble being there who was previously denying the Plaintiff mental Health Treatment and care For approximately one-to-Two-years while housed at ADX Florence.

118.) The Plaintiff debated with defendant Aro For over twenty (20) minutes, that he would not receive adequate mental Health treatment and care at FCC (USP) Allenwood and should instead be transferred to the high security mental Health step-down unit at USP Atlanta, where he had rapport with specific staff at and would receive adequate mental Health Treatment and care at.

119.) Defendant Aro ensured the Plaintiff that he would receive adequate and better mental Health treatment and care at FCC (USP) Allenwood and that defendant kimble would not interfere with the Plaintiff's treatment and care and that defendant Sharretts was a good psychiatrist who would-

# V. ALLEGATIONS RELATING SPECIFICALLY TO THE PLAINTIFF

continued From page 4/11:

correctly adjust the Plaintiff's medications that would reduce or alleviate the Plaintiff's (SMI) symptoms.

120.) Defendant Aro willfully and knowingly or maliciously made False or Fabricated statements to the Plaintiff stating that if defendant (BOP) violated the terms of the settlement agreement and failed to provide the Plaintiff with adequate: mental health treatment and care, that all the Plaintiff had to do was contact him, and he would contact the courts and report defendant (BOP's) non-compliance with the terms of the settlement Agreement, and they would get in trouble by the court.

121.) As to the claim at paragraph 120, and upon information and belief, defendant Aro knew his statements or information to the Plaintiff was false and being used to gain the Plaintiff's trust and confidence so Plaintiff would sign the agreement Form to be transferred From (ADX) Florence to FCC (USP) Allenwood.

122.) The Plaintiff relied on defendant Aro's False statements, and believing him, signed the agreement Form to be transferred From (ADX) Florence to FCC (USP) Allenwood, which took place approximately on April 6, 2018.

123.) The Plaintiff arrived to FCC (USP) Allenwood on May 7, 2018, where at the time, he was prescribed to take several medications formulated to be administered to him as a whole solid Form tablet or capsule. such medications includes but is not limited to:

(a.) Lithium Carbonate capsule - used to treat bipolar problems;

(b.) upon information and belief, Olanzapine - tablet - used to treat bipolar problems, low mood (depression), and schizophrenia;

(c.) Ranitidine Tablet - used to treat gastroesophageal reflux disease (GERD; acid reflux), prevent - GI (gastrointestinal) ulcers, treat heartburn and sour stomach, and treat syndromes caused by lots of stomach acid;

(d.) Spironolactone Tablets - used to get rid of extra fluid, raise potassium stores in the body, treat heart failure (weak heart), treat high blood pressure, treat high aldosterone levels, and treat some kidney problems;

7. ALLEGATIONS RELATING SPECIFICALLY TO THE PLAINTIFF

continued From page 4/12 :

(e.) Metoprolol Tablet - used to treat high blood pressure, treat chest pain or pressure, used after a heart attack to help prevent future heart attacks and lengthen life ;

(f.) upon information and belief, Nifedipine Extended-Release Tablet - used to treat chest pain or pressure, and high blood pressure ; and

(g.) Ibuprofen Tablet - used to ease pain, swelling, and fever, and used to treat arthritis .

124.) The Plaintiff was prescribed to have administered one or more of the above named tablets or capsules twice a day (once in the morning and once in the evening).

125.) The above medications, when administered adequately and correctly as prescribed for the Plaintiff, reduced and/or alleviated most of the Plaintiff's symptoms related to his diagnosed medical conditions such as but not limited to : (recurrent, unexpected and sudden panic attacks leading to heart palpitations, severe chest pains - similar to a heart attack, labored breathing, choking feeling, and acute paralysis throughout his body, as well as compulsive self-mutilation.

126.) Each day and twice a day from the date of May 7, 2018 - through - June 7, 2018, one of the defendants, Smith, Lesher, Trump, Falat, Martinez, Waldman, Gaylor, Rishel, donlin, edwards, or wickham all acting in concert or in participation with each other intentionally and willfully delivered the plaintiff's medications to him in crushed form without any medical order to do so all while maliciously or willfully and knowingly making false statements to the Plaintiff that (BOP) policy mandated that all FCC (USP) Allenwood inmates medications be crushed up.

127.) Each day, twice a day, from May 7, 2018 - through June 7, 2018, when the Plaintiff's medications were delivered to him in crushed up form, he were or was impaired in taking them, resulting in the gradual aggravation or exacerbation of his pre-existing serious mental illnesses and painful and debilitating physical conditions as previously described in or at paragraphs 88 - 94.

128.) As to the claim at paragraph 127, The Plaintiff started suffering substantial and chronic pain and discomfort throughout his body accompanied by swelling and inflammation in his face, eyes,

## V. ALLEGATIONS RELATING SPECIFICALLY TO THE PLAINTIFF

continued from page 4/13:

nose, tongue, throat or larynx, hands, fingers, legs, ankles and feet on a daily basis.

**129.)** The Plaintiff also suffered recurrent, and unexpected or sudden panic attacks leading to heart palpitations, severe chest pain similar to a heart attack, labored breathing, choking feeling, and acute-paralysis throughout his body on a by-daily basis which gradually progressed to a daily basis the longer plaintiff was without his medications.

**130.)** The Plaintiff without his medications suffered command auditory, visual, and tactile hallucinations causing him to unconsciously and uncontrollably engage in compulsive-self-mutilation with razors on such days as but not limited to: (June 11, 13, 15, 18, 20, 22, 25, 27, and 29, 2018, July 9, 11, 13, 16, 18, 20, 23, 25, 27, and 30, 2018, and August 1, 3, 6, and 15, 2018).

**131.)** As to the claim in or at paragraph 130, Each time the plaintiff unconsciously and uncontrollably engaged in compulsive self-mutilation of his wrists, forearms, and penis, the cuts/slices and serious physical injuries or wounds were open, bleeding and clearly obvious that even a lay person would easily recognized the necessity for a doctor's attention, yet each defendant as described at paragraphs 12-70, Acting in concert or in participation with each other, intentionally or maliciously or willfully or deliberately displayed and continues to display shocking indifference to the Plaintiff's obvious catastrophic mental illness and related physical illnesses and needs.

**132.)** Each defendant as described at paragraphs 12-70, had access to the plaintiff's (PDS) records/files and thus, had or possessed actual knowledge, that without his medications the Plaintiff was at substantial or significant risk of engaging in self-injury and destructiveness, yet chose to intentionally ignor such records/files and clearly observable signs and symptoms the Plaintiff displayed.

**133.)** Instead of helping the plaintiff and correcting his issues of concern regarding his medications being crushed up in contravention to medical orders to not be crushed up, defendants, all acting in concert or in participation with each other, intentionally or maliciously or willfully, subjected the plaintiff to harsh disciplinary measures and punishments including discontinuing all of his medications without his knowledge nor consent on June 8, 2018, followed by placing him in the special Housing Unit (SHU) on August 9, 2018 where he still remains to date.

# VI. LEGAL CLAIMS FOR RELIEF

Violation of the Eighth Amendment to or of the United States Constitution - Failure to treat
(Asserted by Plaintiff Antone Bruce)

134.) Plaintiff asserts, reallege and incorporate by reference the foregoing paragraphs of this complaint as though fully set forth herein.

135.) As described herein, Defendants Smith, Lesher, Trump, Folat, Martinez, Waldman, Gaylor, Rishel, Donlin, Edwards, and Wickham's intentional interference with or failure to carry out the treatment (i.e., administration and delivery of uncrushed whole pill form medications) that previous attending physicians and/or psychiatrists prescribed or ordered for the plaintiff constituted and continues to constitute deliberated indifference to the Plaintiff's serious medical and mental health needs - which subjected and continues to subject the Plaintiff to serious physical injury and/or ongoing serious physical injury with a substantial risk of future irreparable or permanent serious physical injury occurring to the Plaintiff in violation of the Plaintiff's Eighth Amendment Right of or to the United States constitution to be free from cruel and unusual punishment

136.) As described herein, Defendants Edwards, Wickham's, and Sharretts intentional and willful and/or wanton discontinuation of all of the Plaintiff's medications as described in or at paragraph 133, without his knowledge nor or consent, amounted to or constituted deliberated indifference to the Plaintiff's serious medical and mental health needs, and continues to amount to or constitute deliberate indifference to his serious medical and mental health needs - which subjected and continues to subject the Plaintiff to serious physical injury and/or ongoing serious physical injury with a substantial risk of future irreparable or permanent serious physical injury occurring to the Plaintiff in violation of the Plaintiff's Eighth Amendment Right of or to the United States constitution to be free from cruel and unusual punishment.

137.) The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be subjected to imminent danger of serious physical injury, or ongoing serious physical injury with a substantial risk of future irreparable or permanent serious physical injury occurring to him as a result of or by the actions or conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

# VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request or pray that this court enter judgment granting Plaintiff the following relief:

1.) A declaration that the acts and omissions described herein violated or violates the standards set by the Federal government and the BOP in their own regulations, as well as the Plaintiff's rights under the Eighth Amendment of or to the United States constitution and laws of the United States;

2.) A preliminary and permanent injunction ordering defendants Edwards, Wickham, and Sharretts to represcribe or reorder all of the Plaintiff's previously prescribed medications (i.e., or e.g., Lithium - controlled-Release and Extended-Release Tablets, Olanzapine Tablets, Benztropine Tablets, Ranitidine Tablets, Spironolactone Tablets, Metoprolol Tablets, Nifedipine Extended-Release Tablets, and ibuprofen Tablets);

3.) A preliminary and permanent injunction ordering defendants Lada, Kimble, Beasely, and (BOP) to immediately release the Plaintiff from FCC(USP)Allenwood's Special Housing Unit (SHU) and have him immediately re-enrolled and placed/housed back in Unit: 4A(SMH-SDP)Secure Mental Health-Step Down Program;

4.) A preliminary and permanent injunction restraining or enjoining defendants Wickham, Pizzoli, Kimble, Klinefelter, Loss, Sr., Fogleman, Wolfe, Ganoee, Snider, Bolig, McManhon, Marr, Williams, McCauley, G. Holtzapple, B. Pensyl, J. Thompson, Fry, Frei, Schreck from working in same institution where plaintiff is housed or confined, to prevent retaliation, assaults, and abuse by the said defendants against the plaintiff.

5.) Nominal, compensatory, and punitive damages against each and all defendants excluding defendant (BOP), jointly and severally in an amount to be proven at trial;

6.) A jury trial on all issues triable by jury;

7.) That the costs of this action be taxed against defendants; and

8.) Any additional or other relief this court deems just, proper, and equitable.

Wherefore the aforegoing is declared true under the pains and penalty of perjury pursuant to 28 U.S.C. §1746.

Dated: October 16, 2018

Antoine M. Bruce #35363-068
FCC(USP)Allenwood, P.O. Box 3000
White Deer, PA 17887

Antoine Bruce Reg # 23340-017
FCC (USP) Allenwood
White Deer, PA 17887

OCT 17 2018

Mailed From US Penitentiary

To: The clerk of the Court
UNITED STATES DISTRICT
Middle District of Penn
U.S. Courthouse and Fed
240 West Third Street
Suite 218
Williamsport, PA 17701

"Urgent Status"
LEGAL MAIL